MARTÍNEZ ET AL., APPELLANTS, *v.* REGISTRAR OF ARECIBO,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Partition.

No. 421.—Decided August 1, 1919.

PARTITION—NATURAL CHILD—RECORD OF TITLE.—When all of the heirs are adults and they execute a deed of partition and liquidation of the estate among themselves and with a stranger the said partition is valid, · although the stranger, as a natural child, may be awarded what was not lawfully his, for a partition approved by all of the interested parties is binding upon them untill annulled by the court. Furthermore, in accordance with sections 4 and 1025 of the Civil Code, adults may create a legal relation where none existed before and may give away their property; and if the deed of partition is good on its face, the registrar should record it, although there may be some doubt about its validity, and the rights of the other parties should be ventilated in a court proceeding.

FRAUD—ERRORS OF LAW.—In the absence of fraud the courts will not generally interfere to correct errors of law. *Arandes* v. *Báez,* 20 P. R. R. 364.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the appellant.

The respondent appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

We are of the opinion that where adult heirs make a deed dividing their property among themselves and with a stranger, the partition is good. In this case the petitioner was a natural child and the question raised was that she had no right by representation of her natural father to an inherit-

ance from the father of her natural father, citing *Soriano* v. *Rexach, etc.,* 23 P. R. R. 531. But assuming that she had no such inheritance, the adults in this case are presumed to know the law and if they divided the estate with the appel-. lant they are bound by such division. Courts generally, in the absence of fraud, do not intervene to correct mistakes of law. *Arandes* v. *Báez,* 20 P. R. R. 366. The deed may even have been the result of a compromise to prevent litigation. Under sections 4 and 1025 of the Civil Code, adults may create a legal relation where none existed before and may give away their property:

"Even conceding that the different schedules show that sums of money have been awarded to persons other than designated heirs, this is no ground for refusing to record a property if such awards have been made with the consent of all the parties in interest and the court has approved the award in case any of these should be a minor." Decision of the General Directorate of Registries of Spain of June 18, 1885.

"When approved by all the parties in interest, the partitions of an estate are absolutely binding at law upon parties having an interest therein unless rescinded by the court." Decision of the General Directorate of Registries of Spain of June 30, 1910.

The registrar maintains that to create this new relation, or give this property to the natural child, the deed should express such intention clearly. But words must be taken in their natural sense. Here there was not only an adjudication to the natural child, but the deed recited that the parties "conform and accept as valid and existing the adjudication made to Juana Herrera in representation of her father." There was no representation on her part that she was an heir when the fact was otherwise, or that she was personating some one else; hence section 1048 of the Civil Code is not applicable. *Arandes* v. *Báez, supra.* That section is applicable to one, for example, who says he is a son of a particular person and is not such son.

However, if there is any doubt about the validity of this

partition deed, it is good on its face and rights that the other parties have should be ventilated in a court proceeding.

The note should be reversed and the record made.

*Reversed.*

Justices del Toro, Aldrey and Hutchison concurred.

Mr. Chief Justice Hernández took no part in the decision of this case.